IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN KNUDSEN, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| | 1:12-cv-3087-JOF |
| v. | |
| NESTLÉ DREYER'S ICE CREAM COMPANY, | JURY DEMAND |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff John Knudsen ("Plaintiff"), by and through undersigned counsel, and brings this action against Defendant Nestlé Dreyer's Ice Cream Company ("Defendant"), and states and alleges as follows:

### PARTIES

1. Plaintiff is a resident of Atlanta, Georgia.

2. Defendant is a California corporation and lists its principal place of business as 5929 College Avenue, Oakland, California 94618 in its filings with the Georgia Secretary of State.

1

3. Defendant may be served with process by delivering a copy of the complaint and summons to its registered agent, CT Corporation Systems, at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation at the proper rate as required by the FLSA, and therefore, this Court exercises original jurisdiction over this case pursuant to 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B)(1)(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

6. At all relevant times, Defendant has been and continues to be an enterprise engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

7. At all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

8. At all relevant times, Defendant has been and continues to be Plaintiff's employer within the meaning of the FLSA.

9. At all relevant times, Plaintiff has been and continues to be an employee engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

## COUNT ONE – FAILURE TO PAY OVERTIME

10. Defendant markets, sells, and delivers frozen pizza and ice cream products to customers in and around the Atlanta metropolitan area.

11. Defendant hired Plaintiff on September 14, 2010, for the position of Route Sales Representative – Relief ("Relief Rep").

12. Relief Reps market, sell, and deliver merchandise to customers.

13. Relief Reps drive their own personal vehicles to retail locations during the course of their work.

14. Relief Reps arrange merchandise according to store schematics and execute promotional displays.

15. Relief Reps act on sales opportunities, order products, and maintain inventory.

16. Relief Reps may also perform other nonexempt job duties, such as moving "palettes" of merchandise, and in some cases, Relief Reps may drive vehicles that deliver inventory to customers when necessary.

17. Upon hiring Plaintiff, Defendant paid Plaintiff wages at a training rate for two pay periods.

18. After the training period ended, Defendant paid Plaintiff in commissions, which were based on the average of the commissions earned in his district, and reimbursed Plaintiff for the business use of his personal vehicle ("mileage").

19. While working as a commissioned Relief Rep, Plaintiff regularly worked more than 40 hours per week.

20. While paying Plaintiff as a commissioned Relief Rep, Defendant did not compensate Plaintiff at a rate of not less than one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 per week.

21. After paying Plaintiff as a commissioned employee for two pay periods, Defendant informed Plaintiff that he would be reclassified as an exempt salaried employee.

22. However, beginning on November 14, 2010, Defendant instead began paying Plaintiff at an hourly rate of $20.67 per hour plus mileage.

23. At the time Defendant began paying Plaintiff on an hourly basis, Plaintiff's job title and duties did not change.

24. While paying Plaintiff as an hourly Relief Rep, Defendant failed to compensate Plaintiff at a rate of not less than one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 per week.

25. A true and correct copy of Plaintiff's earnings statement for the pay period beginning on November 14, 2010, and ending on November 27, 2010, is attached to this complaint as Exhibit A.

26. According to Exhibit A, for the pay period beginning on November 14, 2010, and ending on November 27, 2010, Plaintiff worked 84 hours.

27. According to Exhibit A, Plaintiff was paid $1,736.54 in regular wages, which represents the product of his regular rate of approximately $20.67 per hour multiplied by 84 hours.

28. Therefore, despite working more than 40 hours per week, Plaintiff did not receive an overtime premium for overtime hours.

29. On December 26, 2010, Defendant began paying Plaintiff a salary of approximately $1,653.84 per two-week pay period, which represents the product of Plaintiff's regular rate of approximately $20.67 per hour multiplied by 80 hours per pay period.

30. While paying Plaintiff as a salaried Relief Rep, Defendant continued to reimburse Plaintiff for mileage.

31. Although he was reclassified as a salaried employee, Plaintiff's job title did not change.

32. Although he was reclassified as a salaried employee, Plaintiff continued to perform the duties of a Relief Rep.

33. As a salaried employee, Plaintiff worked in excess of 40 hours per week.

34. While paying Plaintiff as a salaried Relief Rep, Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

35. However, Defendant did not afford Plaintiff all of the benefits advertised as available to salaried employees, and instead, continued to treat Plaintiff as a nonexempt employee in several respects.

36. For example, pursuant to Defendant's holiday policy, salaried employees were entitled to time off on certain holidays.

37. While paying Plaintiff as a salaried Relief Rep, Defendant required Plaintiff to work on certain days that were advertised as holidays for salaried employees.

38. By contrast, pursuant to its holiday policy, Defendant compensated hourly and commissioned employees with holiday pay for certain "working holidays" on which they were required to report for work.

39. In fact, while an hourly employee, Plaintiff received holiday pay for working holidays.  *See* Exhibit A.

40. However, as a salaried employee, Plaintiff did not receive time off for the holidays that were identified in Defendant's policies as applicable to salaried employees.

41. By way of example, Defendant's 2011 holiday policy provided that Memorial Day, Independence Day, and Labor Day would be paid holidays for salaried employees, but "working holidays" for commissioned employees.

42. Defendant required Plaintiff to work on all three and did not compensate Plaintiff with holiday pay.

43. When Plaintiff received neither time off nor holiday pay, he asked Defendant for clarification regarding his status as an exempt salaried employee.

44. For example, on June 20, 2011, Plaintiff wrote to Defendant and requested a definition of his position, his employee status, and other basic employment details.

45. Despite requesting clarification regarding his employment classification and the hours for which his salary was intended to be compensation, Plaintiff received no explanation from Defendant.

46. He renewed this request on September 25, 2011, but still received no clarification.

47. During the time Defendant paid Plaintiff a salary, Plaintiff and Defendant did not have a clear and mutual understanding with respect to his employee classification.

48. During the time Defendant paid Plaintiff a salary, Plaintiff and Defendant did not have a clear and mutual understanding that his salary was compensation for all hours worked.

49. Therefore, while a salaried Relief Rep, Plaintiff's salary was not intended to be compensation for all hours worked.

50. During the time Plaintiff was paid a salary, Defendant did not make contemporaneous payments to Plaintiff for overtime hours at a rate of one-half of Plaintiff's regular rate.

51. While a salaried Relief Rep, Defendant failed to compensate Plaintiff at a rate of not less than one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 per week.

52. Defendant did not provide Plaintiff with an explanation of his job classification, until February 19, 2012, at which time Defendant simply changed Plaintiff's classification back to nonexempt.

53. On February 19, 2012, Defendant began paying Plaintiff at an hourly rate.

54. Since switching Plaintiff to an hourly rate, Defendant has paid Plaintiff an overtime premium for certain hours worked as an hourly employee.

55. However, Defendant has not paid Plaintiff for the overtime wages earned while Plaintiff was classified as an exempt employee.

56. A true and correct copy of Plaintiff's earnings statement for the pay period beginning on June 10, 2012, and ending June 23, 2012, is attached to this complaint as Exhibit B.

57. According to Exhibit B, Plaintiff received $1,400.00 in hourly wages for 80 nonovertime hours at regular rate of $17.50 per hour.

58. According to Exhibit B, Plaintiff received $1,263.41 in overtime wages at an overtime rate of $26.25 per hour.

59. Therefore, Plaintiff worked approximately 48 overtime hours for the pay period beginning on June 10, 2012, and ending June 23, 2012.

60. According to Exhibit B, Plaintiff received a mileage reimbursement of $367.41.

61. The $367.41 payment represents reimbursement for the approximately 662 miles driven by Plaintiff in his personal vehicle.

62.     While Defendant now compensates Plaintiff at an hourly rate, Plaintiff's job title has not changed.

63.     While Defendant now compensates Plaintiff at an hourly rate, Plaintiff continues to perform the job duties of a Relief Rep.

64.     During all relevant times, Plaintiff was a nonexempt employee within the meaning of the FLSA.

65.     Nevertheless, Defendant chose to pay Plaintiff as an exempt employee during times relevant to this action.

66.     Simply paying employees on a salary basis, however, does not relieve Defendant from its obligation to pay nonexempt workers at an overtime rate.

67.     Defendant's actions were willful and taken with reckless disregard for its legal obligations under the FLSA.

68.     Defendant failed to make good faith efforts to comply with the FLSA.

69.     Therefore, Plaintiff is entitled to overtime wages for all hours worked above 40 per week.

70.     Plaintiff seeks to recover his unpaid overtime dating back three years prior to the filing of this complaint, an equal amount as liquidated damages, and an award of reasonable attorney's fees and the costs of bringing this action.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff respectfully requests judgment against Defendant and relief as follows:

- That Plaintiff receive judgment against Defendant for all unpaid wages;

- That Plaintiff receive judgment against Defendant that Defendant's violations were willful;

- That Plaintiff receive judgment for liquidated damages in an amount equal to the amount of all unpaid wages;

- That Plaintiff receive an award of reasonable attorney's fees and costs; and

- That Plaintiff receive such other relief as the Court deems just and proper.

Dated: September 5, 2012

**MAYS & KERR LLC**
229 Peachtree Street
International Tower | Suite 980
Atlanta, Georgia 30303
Telephone: 404 410 7998
Facsimile: 404 855 4066
Attorneys for Plaintiff

s/ John L. Mays
John L. Mays
Georgia Bar No. 986574
john@maysandkerr.com

Jeff Kerr
Georgia Bar No. 634260
jeff@maysandkerr.com